HAZOURI, J.
Gregory Haddox appeals from the denial of his motion for relief from judgment entered in favor of Jean McClean. We reverse.
McClean filed suit against Haddox, d/b/a United Roofing Systems and United Roofing Systems, LLC. In her complaint McClean alleged that she entered into a contract with United Roofing Systems to replace her roof for a contract price of $54,000 and that after the roof was completed and she paid the entire sum, Lido Holdings, Inc., d/b/a Campany Roofing, who actually performed the work on the roof, filed a mechanic’s lien on her home in the amount of $26,109.41. McClean’s complaint consisted of two counts, one for breach of contract and one for violation of Florida’s Deceptive and Unfair Trade Practices Acts.
Summary judgment was entered on behalf of McClean for the amount of the lien plus court costs of $761.00 for a total of $26,870.41. In addition to this final judgment McClean obtained a final judgment for attorney’s fees of $7,228.50 plus costs of $751.00.
In Haddox’s motion for relief from judgment he asserted that he was not given notice of the motion for summary judgment and that there was no basis for the entry of the judgment because Lido Holdings’ mechanic’s lien was invalid. In fact, McClean has never had a mechanic’s lien judgment entered against her and has never paid the $26,109.41 allegedly owed to Lido Holdings. The parties agree that the mechanic’s lien was invalid. Lido Holdings has since dropped its claim against McClean and there are no claimed defects in the work performed on McClean’s roof.
Based upon these agreed-to facts we need not address the issue of lack of notice. We simply hold that since McClean was not required to pay any additional monies and there were no defects in the roofing work, McClean did not sustain any damages and there is no basis for the judgments entered against Haddox. Therefore, we reverse and remand to the trial court for entry of a judgment in favor of Haddox.
MAY, C.J., and GERBER, J., concur.